IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHAREEF CHILDS,

                Plaintiff,

    v.

C. BUESGEN,
BUILDING GROUNDS SUPT. ZEMAITIS,
JOHN DOE CORRECTIONAL OFFICER,
And JOHN DOE WHITE SHIRT,

                Defendants.

ORDER

24-cv-333-jdp

---

      Plaintiff Shareef Childs, proceeding without counsel, is incarcerated at Stanley Correctional Institution (SCI). Childs alleges that defendant prison officials subjected him to gas fumes in his cell and didn't get him medical attention for the symptoms that he suffered. I granted him leave to proceed on Eighth Amendment conditions-of-confinement and medical care claims against several defendants, including an unidentified John Doe officer and a John Doe supervisor. Dkt. 6.

      Childs now moves for leave to amend his complaint to name the John Doe defendants, Dkt. 7, and he has submitted a proposed amended complaint, Dkt. 8. I will grant that motion and consider his amended complaint to be the operative pleading. He names the John Doe officer as R. Kalepp and the John Doe supervisor as Kasten. I'll direct the clerk of court to amend the caption accordingly. He also names a Doe medical provider as Nurse Hoyt, but in screening his complaint I denied him leave to proceed against Doe medical staffers who treated him after the incident because the Eighth Amendment doesn't entitle inmates to the treatment of their choice. Dkt. 6, at 4.

Childs also submits a letter asking for clarification about whether he has been granted in forma pauperis status for this case. Dkt. 5. He has not been granted in forma pauperis status because he paid the full $405 filing fee for this case.

Childs moves for the court's assistance in recruiting him counsel, stating that he will need a toxicology expert to assist him with his claim that he was poisoned by carbon monoxide. Dkt. 9. Generally, to show that it is appropriate for the court to recruit counsel, a plaintiff must meet three requirements. *Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010). First, he must show that he is unable to afford counsel. Although Childs is not proceeding in forma pauperis in this case, his financial information from another recent case, No. 24-cv-482-jdp, shows that he cannot afford counsel on his own.

Second, a plaintiff must first show that he has made reasonable efforts to locate an attorney on his own. *See Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1072–73 (7th Cir. 1992) ("the district judge must first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts"). Childs meets this requirement.

Third, the plaintiff must demonstrate that his case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds his ability to prosecute it. *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007) (en banc). The court must decide for each case "whether this particular prisoner-plaintiff, among many deserving and not-so-deserving others, should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests." *McCaa v. Hamilton*, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring). Childs doesn't yet meet this requirement because it is too early to tell whether this case will truly boil down to toxicology issues for which Childs will need an

expert, and he otherwise has shown that he is capable of litigating in this court. I will deny Childs's motion without prejudice.

ORDER

IT IS ORDERED that:

1. Plaintiff Shareef Childs's motion for leave to amend the complaint, Dkt. 7, is GRANTED. Plaintiff's amended complaint, Dkt. 8, is the operative pleading.

2. The Wisconsin Department of Justice may have until March 7, 2025, to explain whether it will accept service for defendants Kalepp and Kasten.

3. Plaintiff's motion for clarification, Dkt. 5, is GRANTED.

4. Plaintiff's motion for recruitment of counsel, Dkt. 9, is DENIED without prejudice.

Entered February 14, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge