IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHAREEF CHILDS,

                Plaintiff,

  v.                                                            ORDER

CHRISTOPHER BUESGEN, THOMAS ZEMAITIS,        24-cv-333-jdp
RYAN KALEPP, and MICHAEL KASTEN,

                Defendants.[1]

---

Plaintiff Shareef Childs, proceeding without counsel, is incarcerated at Stanley Correctional Institution (SCI). Childs alleges that defendant prison officials subjected him to gas fumes in his cell and didn't get him medical attention for the symptoms that he suffered. I granted him leave to proceed on Eighth Amendment conditions-of-confinement and medical care claims against several defendants. Several motions are before the court.

ANALYSIS

**A. Motion to amend complaint**

I originally allowed Childs to proceed on claims against an unidentified "John Doe" correctional officer who refused to take him out of his cell as he struggled to breathe and experienced other symptoms. Dkt. 6, at 3. After conducting discovery, Childs named that defendant as Ryan Kalepp. Dkt. 8. But Childs now seeks to substitute Correctional Officer Z. Johnson for Kalepp, stating that DOC staff initially incorrectly told him that Kalepp was the John Doe officer. Dkt. 23. I must allow Childs to amend his complaint "when justice so

---

[1] I have amended the caption to reflect the full names of defendants as provided in their filings.

requires." Federal Rule of Civil Procedure 15(a)(2). I will allow Childs to substitute Johnson for Kalepp. Only defendant Johnson needs to answer Childs's new amended complaint, Dkt. 24.

Also in that motion, Childs asks for permission to send defendant supervisor Kasten up to ten more interrogatories because the identity of the John Doe correctional officer has changed. I will grant that motion.

B. Requests for admission

Childs moves for an order finding that defendants Kasten and Kalepp admitted all of their requests for admission because their responses to those requests were dated 35 days after the date he placed them in the prison mail stream; he contends that this violates defendants' 30-day deadline for responding under Federal Rule of Civil Procedure 36(a)(3). Dkt. 20. But defendants' attorney submits a declaration stating that it took about a week from the date of Childs's requests for defendants to receive them in the mail, Dkt. 22, so it appears that defendants properly responded within 30 days.[2] And in any event, Childs has not shown that he was prejudiced in any way by a delay of a few days (and given that Childs has removed Kalepp as a defendant, Kalepp wasn't the proper subject of requests for admission anyway). I will deny Childs's motion.

C. Motion to compel discovery

Childs moves to compel responses to his requests for production of documents. Dkt. 25. Childs states that defendants didn't adequately respond to his requests regarding the names of

---

[2] In a similar way, Childs argues that defendants' opposition motion should be disregarded as late because he received it a week after the deadline set by the court. But defendants docketed their opposition by the deadline. The court won't disregard documents filed by either side because of delays in mailing.

the Doe defendants. Defendants responded in part that Childs could obtain this information himself, while also stating that the DOC does not have that information and that this request should have been made in an interrogatory rather than a request for production of documents. This issue is now moot because Childs has indeed named the Doe defendants, so I'll deny this portion of his motion to compel. But if Childs makes any further discovery requests about the names of staff members working in certain areas of the prison at certain times, defendants should rethink their objections. Their conclusory statement that Childs could obtain the information himself is not a valid objection to a legitimate discovery request, and it appears to be inconsistent with defendants' statement that the DOC doesn't have that information. Moreover, although interrogatories might be the usual method by which prisoners obtain information about Doe defendants, presumably the usual source of that information is staffing logs. If defendants believe that a request for production of those logs is inappropriate, they'll have to explain in more detail why that is so.

Childs's motion to compel otherwise is relatively vague about his challenges to defendants' discovery responses. The thrust of his motion is that defendants inappropriately objected to his requests regarding information about the prison's backup generator and an incident on March 16, 2023, in which Childs says that he was subjected to noxious fumes from the generator. Childs generally seeks inmate complaints, prison emails, incident reports, maintenance records, and other information concerning the generator or reports of fumes from 2020 to 2025. Defendants have produced some documents relating to the generator but otherwise object to Childs's requests as overly broad and unduly burdensome and that complaints filed by other inmates are confidential and would need to be redacted.

I will grant Childs's motion in part. I conclude that any material specifically relating to the March 16, 2023 incident—including other inmates' complaints—is highly relevant to his claims, and defendants do not explain how redaction or implementation of a protective order fail to address their concerns. It also seems likely that records tied to a specific date would be a relatively easy search for defendants. I will have defendants respond to this order, explaining what material they will turn over to Childs and explaining in detail whether any particular type of document remains objectionable even given the possibility of redaction or implementation of a protective order.

Material from the several-year period surrounding the 2023 incident might also be relevant to Childs's claims to explain defendants' awareness of the fume problem, although the burden on defendants to comb through their records is greater for this material. I'll also have defendants respond to the court regarding this material.

**D. Schedule**

Defendants have already filed a motion for summary judgment, Dkt. 36, but this order changes the identity of one of the defendants, and I am ordering defendants to respond regarding Childs's discovery requests. Childs moves to extend the dispositive motions deadline, Dkt. 35, which I will grant. The new dispositive motions deadline is December 22, 2025. Should the Department of Justice represent newly substituted defendant Johnson, they may file a supplement to their current summary judgment motion by that date.

ORDER

IT IS ORDERED that:

1. Plaintiff Shareef Childs's motion for leave to amend the complaint, Dkt. 23, is GRANTED.

2. The Wisconsin Department of Justice may have until November 20, 2025, to explain whether it will accept service for defendant Johnson.

3. Plaintiff's motion for extra interrogatories, Dkt. 23, is GRANTED.

4. Plaintiff's motion to deem his requests for admission admitted, Dkt. 20, is DENIED.

5. Plaintiff's motion to compel discovery, Dkt. 25, is GRANTED in part. Defendants may have until November 14, 2025, to respond as directed in the opinion above.

6. Plaintiff's motion for a ruling on his motions, Dkt. 34, is DENIED as moot.

7. Plaintiff's motion to extend the dispositive motions deadline, Dkt. 35, is GRANTED. The new deadline is December 22, 2025.

Entered October 31, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge